# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

August 17, 2020

To:   All parties of record

## REPORT & RECOMMENDATION

Re:   *Bissell v. Saga Global Capital Management, LLC, et al.*,
Civ. A. No. 20-7393 (MCA) (LDW)

Dear Litigants:

Before the Court is plaintiff Lisa Bissell's Motion to Remand this action to New Jersey Superior Court and *pro se* defendant Ryan Dean's Motion for Fraud on the Court. (ECF Nos. 3, 4). The Hon. Madeline Cox Arleo, U.S.D.J. referred the motions to the undersigned for a Report and Recommendation. The motions are decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court recommends that plaintiff's Motion to Remand be **GRANTED**, and defendant's Motion for Fraud on the Court be **TERMINATED AS MOOT**.

Plaintiff filed this employment discrimination action in New Jersey Superior Court, Essex County on February 5, 2019. (Compl., ECF No. 1-17). She alleges, among other things, that defendant Dean constructively hired her to act as the Marketing Director for his hedge fund, defendant Saga Global Capital Management, but then failed to formally offer her the position and subjected her to sexual harassment and physical and sexual assault. The complaint asserts a number of claims against Dean, Saga Global Capital Management, and its President, Kevin Klassen, pursuant to the New Jersey Law Against Discrimination, as well as federal claims for gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964. (*Id.*). Although initially represented by counsel in state court, the Hon. Robert H. Gardner, J.S.C. granted Dean's attorney leave to withdraw from the representation by Order dated November 22, 2019. (ECF No. 1-17 at 190). By Order dated April 9, 2020, Judge Gardner dismissed defendants' answer and counterclaims without prejudice for failure to provide discovery. (ECF No. 1-21 at 170). Thereafter, on May 19, 2020, plaintiff filed an offer of judgment for $180,000. (ECF No. 1-15 at 54). On June 19, 2020, Dean filed a notice of removal purporting to remove this action to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1332(a). (Notice of Removal ¶ 2, ECF No. 1). Plaintiff promptly moved to remand on June 23, 2020, arguing that defendant's removal was untimely. (ECF No. 3).

A notice of removal must be filed "within 30 days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b)(1) "expressly forbid[s] untimely removals." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014). An exception to the 30-day window for removal arises "if the case stated by the initial pleading is not removable," in which case "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Removal outside of the statutory 30-day time period is a procedural defect which must be raised by motion within 30 days of removal or the objection is deemed waived. 28 U.S.C. § 1447(c); *see Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

Here, there is no dispute that defendant Dean filed the notice of removal more than 16 months after the complaint was initially filed in state court, well beyond the statutory time limit for removal. Plaintiff objected to removal four days later, well within the time limit to do so. Thus, the case should be remanded as removal was procedurally defective. Defendant attempts to rely on § 1446(b)(3), contending that the case did not become removable until May 19, 2020 when plaintiff filed an offer of judgment clarifying that the amount in controversy exceeds $75,000 as required for removal based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1). This argument is unavailing. First, § 1446(b)(3) is not applicable because the initial pleading included two claims arising under federal law and was therefore removable based on federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) the day it was filed in 2019. Defendant, who was represented by counsel at the time, chose instead to litigate in state court for well over a year. Second, a case may not be removed pursuant to § 1446(b)(3) on the basis of diversity of citizenship jurisdiction more than one year after it is commenced, and there can be no suggestion here that plaintiff acted in bad faith to prevent removal at any point in time. 28 U.S.C. § 1446(c). Finally, even if the Court could consider the May 19, 2020 offer of judgment to be an "other paper" giving rise to grounds for removal under § 1446(b)(3) – which it does not – defendant's notice of removal would still be untimely as it was filed on June 19, 2020, 31 days after receipt of the offer of judgment.

To the extent defendant seeks removal on the basis of some manner of fraud, civil rights, or conspiracy counterclaim, the Court notes that there are no pending counterclaims in the state court action following Judge Gardner's April 9, 2020 order of dismissal for failure to provide discovery. (Shivas Aff., Ex. F, ECF No. 3-1 (rejecting proposed amended answer for filing)). In any event, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction" and removal. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Finally, although defendant's attempted removal is procedurally improper, the Court recommends denying plaintiff's request for an award of attorneys' fees and costs incurred in connection with the motion to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). In light of the wide latitude given to *pro se* litigants, it is not clear that "the removing party lacked an objectively reasonable basis for seeking removal" such that the Court should exercise its discretion to award fees and costs. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Accordingly, the Court recommends that plaintiff's Motion to Remand be **GRANTED**, and

defendant's Motion for Fraud on the Court be **TERMINATED AS MOOT**. *See Chrustowski v. Cumberland Cty. Guidance Ctr.*, Civ. A. No. 06-4847, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006) (remanding on basis of procedural defect and declining to address motion to dismiss or motion to sever because "once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded back to the court of initial jurisdiction for proceedings"). The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Hon. Madeline Cox Arleo, U.S.D.J.

                                                             *s/ Leda Dunn Wettre*
                                                             Hon. Leda Dunn Wettre
                                                             United States Magistrate Judge

Orig:  Clerk
cc:     Hon. Madeline Cox Arleo, U.S.D.J.