UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA BISSELL,<br><br>*Plaintiff*,<br><br>v.<br><br>SAGA GLOBAL CAPITAL MANAGEMENT, LLC, et al.,<br><br>*Defendants.* | Civil Action No. 20-7393<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Lisa Bissell's ("Plaintiff") Motion to Remand this action to New Jersey Superior Court, ECF No. 3, and pro se Defendant Ryan Dean's ("Defendant") Motion for Fraud on the Court, ECF No. 4,

and it appearing that the Honorable Leda Dunn Wettre issued a Report and Recommendation ("R&R") on August 17, 2020, in which she recommended that the Plaintiff's Motion for Remand be granted and Defendant's Motion for Fraud on the Court be terminated as moot, ECF No. 20;

and it appearing that Defendant filed an objection to the R&R, ECF No. 28, as well as a "Motion for Vacatur of the Remand Proceeding," ECF No. 27, which the Court is considering as an objection to the R&R, ECF No. 33;

and it appearing that Judge Wettre properly applied 28 U.S.C. § 1446 and the applicable case law to the facts of the instant case;

and it appearing that nothing in the documents submitted by Defendant modifies or calls into question the clear legal basis for remand of this case to New Jersey Superior Court with respect to the issue of timeliness of removal;[1]

and for the reasons set forth in Judge Wettre's R&R;

**IT IS** on this 7th day of December, 2020;

**ORDERED** that Judge Wettre's R&R is **ADOPTED**, Plaintiff's Motion for Remand is **GRANTED**, and Defendant's Motion for Fraud on the Court, ECF No. 6, is **TERMINATED as moot**; and it is further

**ORDERED** that the case is hereby remanded to the Superior Court of New Jersey, Essex County.

*/s/ Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**

---

[1] While the objections submitted by Defendant are voluminous and at times difficult to follow, the Court identifies two arguments that come close to addressing the timeliness issues discussed in the R&R. First, Defendant argues that the two claims arising under federal law in the initial complaint were not "legitimate," and thus could not have formed a basis for removal. See Objection at 15, ECF No. 28. However, the legitimacy of Plaintiff's federal question claims has no bearing on whether removal was possible on the day it was filed. Because Plaintiff pled claims arising under federal law in the initial complaint, Defendant had thirty days to remove such claims. R&R at 2. Second, Defendant argues that the Motion to Remand is "moot" because the defendants were not properly served with a copy of the motion. Objection at 31, ECF No. 28. This argument is unavailing since service was properly effectuated. Defendant himself notes that Mr. Klassen—a defendant and the president of Saga Global Capital Management LLC—did receive a certified copy in the mail and Defendant Dean received a copy at the email address listed on the docket. Id. at 31-32. The Court has not identified a cogent argument in Defendant's many subsequent filings that reasonably modify Judge Wettre's legal analysis as outlined in the R&R.